UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CROSS SOUND CABLE COMPANY, LLC,

                            Plaintiff,

            -against-

LONG ISLAND LIGHTING COMPANY,

                            Defendant.
------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21-2771 (KAM) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Matsumoto, is Eugene Cook's ("Cook"

or "Intervenor") motion to intervene in the above action pursuant to Federal Rule of Civil

Procedure ("Rule") 24(b)(1)(b).  ECF No. 17.  Cross Sound Cable Company, LLC ("Plaintiff")

and Long Island Lighting Company ("Defendant" or "LIPA") have both opposed the motion.

ECF Nos. 19 & 20.  For the reasons set forth below, the undersigned respectfully recommends

that the motion be denied.

## BACKGROUND

### A.  Factual Background

#### a.  The Instant Action

In the matter presently before the Court, Plaintiff asserts a claim for breach of the

Amended and Restated Firm Transmission Capacity Purchase Agreement, dated December 17,

2004, as amended ("FTCPA").  *See* ECF No. 1, Complaint.  This agreement, which was

originally entered on August 2, 2000 by TransEnergie U.S. Ltd. ("TransEnergie") and LIPA,

provides for the purchase of transmission capacity on a 24-mile-long cable operated by

TransEnergie that runs under Long Island Sound.  Compl. ¶ 21.  The FTCPA was amended in

December 2004 to assign the rights of TranEnergie to Plaintiff.  *Id*. at ¶ 22.

1

On July 8, 2020, an explosion occurred at Plaintiff's converter station in Shoreham, New York.  *Id*. at ¶ 6.  The explosion caused the entire cable to go out of service, and, interrupted the transmission capacity that CSC could provide to LIPA.  *Id*.  According to Plaintiff, the explosion qualifies as a force majeure event as defined in the FTCPA and therefore, under the FTCPA, fees payable to Plaintiff are not to be reduced if a force majeure event occurs.  Defendant has denied that a force majeure event occurred, and, has refused to pay amounts due under the FTCPA.  *Id*. at ¶ 52.  Based on the interruptions in service, Defendant withheld certain payments under the FTCPA and placed funds in escrow, pending resolution of the parties' dispute.

### b.  Intervenor's Prior Litigation Against Defendant

Cook, a Huntington Town Council Member, has brought two state court actions against LIPA in the past.  First, in March 2020, Cook filed a lawsuit naming LIPA and others in an action which sought a declaration that certain contracts entered into by LIPA were invalid, void and unenforceable.  According to Cook, the contracts were void and unenforceable because LIPA had allegedly failed to obtain the Public Authorities Control Board's ("PACB") approval for the agreements under relevant New York Public Authorities Law provisions.  *See Huntington Town Council v. Long Island Power Auth*., No. 604663/2020, 2021 N.Y. Misc. LEXIS, (N.Y. Sup. Ct. Feb. 17, 2021) (attached as Exhibit A to the  ("Marinelli Dec.")).  Specifically, Cook sought a declaration that two agreements were void and unenforceable: an agreement between National Grid Generation, LLC and LIPA in which they agreed, *inter alia*, that National Grid would not initiate tax certiorari proceedings on any of its power plants unless directed to do so by LIPA and a 2012 amended and restated PSA between the same parties.  *See* Marinelli Dec., Ex. A, at 2.  On February 17, 2021, the Supreme Court dismissed the lawsuit finding that the Cook's remedy seeking to invalidate the power supply agreement was not a declaratory

judgment action, but, rather was an Article 78 proceeding under New York's Civil Practice Law and Rules and that Cook's action was untimely and he was without standing to bring it. *Id.*

In March 2021, Cook filed a second lawsuit against LIPA and the PACB. *See* Marinelli Dec. Ex. B. , *Cook v. PACB*, No. 603885/2021 (N.Y. Sup. Ct.). In this second state court action, Cook brought an Article 78 proceeding declaring any contract entered into by LIPA without proper approval to be void and seeking to require the PACB to review all LIPA contracts entered into since 1999. *Id*. at 4. Cook specifically identifies the FTCPA as void because it lacked proper approval. *Id*. According to Plaintiff, briefing on defendants' motion to dismiss in that case is about to begin. Pl. Mem. at 3.

### c. Cook's Motion to Intervene in this Action

Cook's motion to intervene here seeks permission to intervene to assert a defense that the FTCPA is against public policy and contravenes Public Authorities Law 51, 1020 b (12-a) and 1020 f (aa). Intervenor's Mem. at 12. Cook argues that "he has a claim or defense that shares with the main action a common question of law or fact" because Plaintiff's breach of contract action is based upon illegal contracts with LIPA which were never submitted to nor approved by PACB. *Id*. at 4. Plaintiff and Defendant have both opposed the motion. ECF Nos. 19 & 21. Plaintiff opposes the motion to intervene on the grounds that Cook's proposed claim does not "share[] with the main action a common question of law or fact" as required by Rule 24(b)(1)(B), is barred by the statute of limitations, and fails to allege that Cook has standing. ECF No. 19. Defendant also opposes the motion on the ground that Cook's proposed claim does not share questions of law or fact with the main action, and additionally argues that the intervention will unduly complicate the litigation by injecting New York regulatory law issues and claims of improper process regarding contracts dating back to the late 1990s into a breach of

contract claim, transform the nature of the action from a breach of contract into one that seeks to vindicate Cook's public policy objective of voiding contracts to which LIPA is a party, delay or prejudice the adjudication of the original parties' rights, and, finally, on the ground that Cook is seeking the same relief here that he has sought and is currently seeking in other actions.  ECF No. 21.

## B.  Procedural Background

Plaintiff filed the Complaint in this action on May 17, 2021 seeking damages for breach of contract and seeking a declaration that the explosion on July 8, 2020 qualifies as a force majeure event under the FTCPA.  ECF No. 1.  Shortly after the complaint was filed, on June 7, 2021, Cook requested a pre-motion conference seeking permission to file a motion for permissive intervention pursuant to Rule 24(b)(1).  ECF No. 6.  On June 17, 2021, Judge Matsumoto conducted a hearing on Cook's request and granted Cook permission to file the motion to intervene.  On July 22, 2021, Cook filed the motion to intervene, which was opposed separately by Plaintiff and Defendant.  By Order dated September 28, 2021, the motion was referred to the undersigned by Judge Matsumoto.

## DISCUSSION

## A.  Standard of Review - Rule 24(b)(1)

Rule 24(b)(1)(B) provides "the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact."  Rule 24(b)(1)(B).  In determining the appropriateness of permissive intervention, it is "well-settled that the principal consideration in either granting or denying an application for permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'"  *Citizens for an Orderly Energy Policy, Inc. v. Suffolk County*, 101

F.R.D. 497, 502 (E.D.N.Y. 1984) (quoting *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)); *see also Apple v. Atlantic Yards Dev. Co., LLC*, No. 11 CV 5550, 2014 U.S. Dist. LEXIS 152053, 2014 WL 5450030, at *4 (E.D.N.Y. Oct. 27, 2014). Additionally, a court may consider "whether the interven[o]r's participation will contribute to the just and equitable adjudication of the issues, and whether the interven[o]r's interests are adequately represented by the parties of the record." *Citizens for an Orderly Energy Policy, Inc.*, 101 F.R.D. at 502. Permissive intervention is wholly discretionary with the court. *State of New York v. Reilly*, 143 F.R.D. 487, 489 (N.D.N.Y. 1992) (citing *U.S. Postal Service v. Brennan*, 579 F.2d at 191)).

Rule 24(c) sets forth the procedural requirements for a motion to intervene. A third party must serve the motion upon the parties to the action and "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Rule 24(c). "Failure to comply with these requirements can be grounds to deny a motion to intervene." *Kumaran, v. ADM Inv. Servs., Inc.,* No. 12-CV-3873, 2021 WL 2333645, at *8 (S.D.N.Y. June 7, 2021) (citing *G-I Holdings, Inc. v. Baron & Budd*, No. 01-CV-00216, 2002 U.S. Dist. LEXIS 14571, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002)); *United States v. L&M 93rd St. LLC*, No. 10 CIV. 7495 RMB, 2011 U.S. Dist. LEXIS 38567, 2011 WL 1346994, at *4 (S.D.N.Y. Apr. 5, 2011). However, "a court may approve an intervention motion that is not accompanied by a pleading if the court is otherwise apprised of the grounds for the motion." *Id*. (citations omitted); *see also Briscoe v. City of New Haven*, No. 09-CV-1642, 2012 WL 13026762, at *5 (D. Conn. Oct. 5, 2012) ("Where ... the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements")).

Before reaching the merits of the instant motion to intervene, the Court notes that Cook

has failed to attach the proposed amended pleading to the motion. While Cook has not submitted

a pleading which sets out the claims for which intervention is sought, the last paragraph of the

motion to intervene contains the following, Cook's "application for Intervention in this federal

matter is limited to the allegations of the Complaint as follows:

> AS AND FOR A PUBLIC POLICY DEFENSE ON THE FIRST AND SECOND
> CAUSE OF ACTION FOR BREACH OF CONTRACT AND DECLARATORY
> JUDGMENT, SAID DEFENSE BEING INTERPOSED  ON BEHALF OF
> INTERVENOR EUGENE COOK ON THE REQUIREMENT OF PUBLIC
> AUTHORITIES CONTROL BOARD SUBMISSION, PACB REVIEW AND PACB
> APPROVAL FOR THE (1) TRANSENERGIE U.S. LTD. AGREEMENT WITH LIPA
> OF AUGUST 2, 2000  REFERENCED IN THE CSC COMPLAINT AND (2) CSC
> SECOND LETTER AGREEMENT TO THE TEUS AGREEMENT OF DECEMBER
> 17, 2004 SIGNED BY LIPA AND CSC, A BRIDGE PERIOD (INTERIM) FIRM
> TRANSMISSION  CAPACITY PURCHASE AGREEMENT BETWEEN CSC AND
> LIPA (THE "BRIDGE AGREEMENT") REFERENCED IN THE CSC COMPLAINT,
> AND THE FTCPA, THE BASE TERM OF WHICH IS 25 YEARS REFERENCED IN
> THE COMPLAINT (3) AND ANY "PROJECTS" AS THAT TERM IS DEFINED IN
> PUBLIC AUTHORITIES LAW RELEVANT TO THE INSTANT MATTER
> CONCERNING CROSS SOUND CABLE CONTRACTS REFERENCED IN
> THE COMPLAINT.
> Public policy demands plaintiff take nothing of defendant.

Intervenor Mem. at 24. Thus, it appears Cook is seeking to intervene in this action solely to

assert a defense that the contract is void as against public policy which would properly be

asserted in the answer of LIPA, rather than in the complaint, as stated in the motion.

Accordingly, the Court will consider the intervention motion as one to intervene to assert the

defense stated above in the answer and the Court will proceed to the merits of the motion.

### B.  Motion to Intervene

Cook contends that his motion to intervene is proper because he has a claim or defense

that shares with the main action a common question of law.  Intervenor Mem. at 6.  Plaintiff and

Defendant both argue that Cook has not identified a single, common question of law or fact that

his proposed intervention shares with the main action.   Pl. Mem. at 4; Def. Mem. at  5.

6

Defendant also argues that Cook's proposed introduction of the defense set forth above will unduly complicate the litigation by injecting New York regulatory law issues and claims of improper process regarding contracts dating back to the late 1990s into this breach of contract claim involving a claim of force majeure. The intervention, if granted, will radically transform the nature of the action from a breach of contract action into one that seeks to vindicate Mr. Cook's public policy objective of voiding contracts to which LIPA is a party.  Def. Mem. at 8. The Court agrees.

As discussed above, the principal consideration in either granting or denying an application for permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.  *Citizens for an Orderly Energy Policy, Inc.*, 101 F.R.D. at 502.   Indeed, permissive intervention will not be granted, even where there is a strong commonality of fact or law – which is lacking here -- where allowing the intervention would unduly complicate the case. *See SEC v. Everest Mgmt. Corp.,* 475 F.2d 1236, 1240 (2d Cir. 1972) ("the complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues"); *SEC v. Bear, Stearns & Co. Inc.,* Nos. 03 CV 2937-2945, 2003 U.S. Dist. LEXIS 14611, 2003 WL 22000320, at *2 (S.D.N.Y. Aug. 25, 2003) ("Put another way, permissive intervention will not be granted, even where there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case.").

The Second Circuit has explained that "[i]ntervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Floyd v. City of New York*,

770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (citation omitted). The addition of Cook's defense would unduly delay and complicate the Court's consideration of Plaintiff's breach of contract claim by engaging in a detailed review of public policy law and the possible implications of LIPA's alleged failure to obtain regulatory approval for the FTCPA in 1999. Cook is not a party to the FTCPA nor does he stand to benefit if the contract is declared void. Plaintiff and Defendant have both sought to enforce the provisions of the FTCPA rather than void it. Permitting Cook to intervene would "introduce new issues of law while not contributing to the development of the factual record related to the current parties' dispute." *Tymoshenko v. Firtash,* No. 11-CV-2794, 2011 U.S. Dist. LEXIS 123910, 2011 WL 5059180, at *3 (S.D.N.Y. Oct. 19, 2011); *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) ("Intervenors' attempt to void the Agreement, however, can be construed as an affirmative cross-claim against [defendant] for unconstitutionally contracting away its police powers. . . . Given the wide latitude that Rule 24(b) grants in dictating the terms of permissive intervention, the district court did not abuse its discretion in determining Intervenors' argument to be outside their permitted scope of intervention."); *United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention where the claimed interests, "although broadly related to the subject matter of this action, [were] extraneous to the issues before the court").

It is not clear how the evidence that Cook would require in support of his proposed defense that the FTCPA is void would contribute to or advance Plaintiff's claims for breach of contract, and there is a significant risk that Cook's involvement would unnecessarily complicate this relatively straightforward breach of contract action. Such a result is contrary to the purpose of permissive intervention. *See, e.g., City of Syracuse v. Bureau of Alcohol,* No. 1:20-cv-06885-

GHW, 2021 U.S. Dist. LEXIS 102, 2021 WL 23326 (S.D.N.Y. Jan. 2, 2021) ("The potential expansion of this litigation to the resolution of legal claims beyond its present scope weighs against granting the Proposed Intervenors' request to intervene"); *New York v. United States Dep't of Educ.*, No. 20-CV-4260 (JGK), 2020 U.S. Dist. LEXIS 122489, 2020 WL 3962110, at *4 (S.D.N.Y. July 10, 2020) ("The addition of the movant's arguments would complicate the analysis by introducing new issues of law 'while not contributing to the development of the factual record related to the current parties' dispute'")(quoting *Tymoshenko*, 2011 U.S. Dist. LEXIS 123910, 2011 WL 5059180, at *3).  Thus, the Court finds the allowing Cook to intervene in this action at argue that that FTCPA is void would unnecessarily complicate and delay this action to the prejudice of the parties.

Moreover, Cook has an alternative forum available to him with respect to the defense he seeks to raise here, and, indeed, has already filed a lawsuit in New York Supreme Court seeking to set aside the twenty-year old FTCPA.  This factor also weighs in favor of the denial of the motion to intervene.  *See, e.g., In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 1999) ("Because [movants] remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied"); *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Ins. Co.*, 226 F.R.D. 485, 489 (S.D.N.Y. 2005) (the availability of an alternative forum for those disputes, weighs in favor of denial of permissive intervention where the parties will be prejudiced); *S.E.C. v. Bear, Stearns & Co.*, No. 03 Civ. 2937(WHP), 2003 U.S. Dist. LEXIS 14611, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003)("The availability of alternative relief -- arbitration -- is another factor militating against granting permissive intervention in this case"); *Metzler v. Bennett,* No. 97 Civ. 0148, 1998 U.S. Dist. LEXIS 5441, 1998 WL 187454, at *10 (N.D.N.Y. Apr. 15, 1998) (denying permissive intervention on the

grounds that, *inter alia,* the proposed intervenors "have alternative relief available to them"); *see also Head v. Jellico Housing Authority*, 870 F.2d 1117, 1124-1125 (6th Cir. 1989) (affirming denial of intervention where appellant had already filed a separate complaint in another federal forum, noting with approval courts' holding that "a charge of abuse of discretion in the denial of a motion for permissive intervention appears to be almost untenable on its face when an appellant has other adequate means of asserting her rights"); 6 James Wm. Moore, Moore's Federal Practice § 24.10[2][d] (3d Ed. 2003) ("The effect of denial of permissive intervention is a relevant discretionary factor. If an adequate remedy is available to the applicant in another action, the effect of denying permissive intervention in an existing action is mitigated").

In addition, Plaintiff argues that Cook's motion for intervention seeks to assert a claim into this action which is barred by the statue of limitations. Pl. Mem. at 5-6.  A motion to intervene must be denied when the claim proposed by the intervention is time barred.  *See, e.g., Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011) ("Intervenors 'purpose in seeking to intervene and substitute as a plaintiff in this action is to gain the benefit of the relation back doctrine and circumvent the statute of limitations for its wholly separate claims. That tactic is condemned by the courts' "); *Ceribelli v. Elghanayan,* No. 91 Civ. 3337, 1994 U.S. Dist. LEXIS 13681, at *4 (S.D.N.Y. Sept. 28, 1994) ("There is nothing in the purpose of the rule which would countenance a situation in which claims, otherwise time-barred, could be resuscitated simply by virtue of the existence of another timely filed lawsuit with common questions of law or fact. Such a result would serve only to frustrate the 'salutary purpose [of the statute of limitations] to set stale claims at rest'") (quoting *Rutkin v. Reinfeld*, 229 F.2d 248, 252 (2d Cir. 1956), cert. denied, 352 U.S. 844, 77 S. Ct. 50, 1 L. Ed. 2d 60 (1956)).  Plaintiff argues that that because the proper procedure for Cook to challenge the failure of the parties to obtain

approval of the contract was through an Article 78 proceeding, Cook's time to challenge the validity of the FTCPA expired four months after that period or in December 2000 and certainly no later than April 2005 (four months after the contract was amended).

In response, Cook contends that no statute of limitations applies to his claim. Intervenor Reply Mem. at 7-8. Cook's reliance upon *Faison v. Lewis*, 25 N.Y.3d 220, 10 N.Y.S.3d 185, 32 N.E.3d 400 (2015) to support his position that no statute of limitations apply to his assertion that the contract is void is misplaced. Recently, in an action seeking a declaration that a contract was void, the Second Circuit held that "'[a]n action for a declaratory judgment is generally governed by a six-year limitations period.'" *Busher v. Barry*, No. 20-3587-cv, 2021 U.S. App. LEXIS 32561, 2021 WL 5071871 (2d Cir. Nov. 2, 2021) (quoting *Town of Hempstead v. AJM Capital II, LLC*, 130 A.D.3d 607, 13 N.Y.S.3d 199, 201 (2d Dep't 2015)). "This rule extends to actions seeking a declaration that a corporate transaction is void." *Id*. at 2021 U.S. App. LEXIS 32561, * 10. Indeed, the Second Circuit expressly rejected the plaintiff's reliance on *Faison v. Lewis*, 25 N.Y.3d 220, 10 N.Y.S.3d 185, 32 N.E.3d 400 (2015), noting that "*Faison* stands for the limited proposition that 'a claim against a forged deed is not subject to a statute of limitations defense.'" *Id.* at n.1 (quoting *Faison*, 25 N.Y.3d at 224). Thus, the court need not decide whether this defense should be governed by the six-year limitation period for a declaratory judgment discussed by the Second Circuit in *Busher* or the shorter three-month period for the Article 78 proceeding applied by the New York Supreme Court in *Cook*, because under either, the defense would be time barred.

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that the District Court deny Cook's motion for permissive intervention.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF.  Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        November 29, 2021

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge