FILED
CLERK

5/3/2023 11:07 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CROSS SOUND CABLE COMPANY, LLC,

                Plaintiff,

   -against-                                         ORDER
                                                          21-CV-2771 (KAM) (ARL)

LONG ISLAND LIGHTING COMPANY,

                Defendant.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court, is Plaintiff's March 31, 2023 letter motion seeking to quash a subpoena issued by Defendant on non-party Hitachi Energy USA Inc. ("Hitachi") ECF No. 77. Plaintiff moves to quash the subpoenas because "[t]he requested discovery apparently has two purposes: (i) to seek information to support its application to compel Mr. Bahrman's deposition, and (2) to inquire into the scope of work that counsel and non-testifying experts did (or did not do) in connection with expert analysis. Neither is a proper basis for discovery." *Id*. at 2. In response, Defendant contends Plaintiff lacks standing to quash the subpoena and that the information sought by the subpoena is only privileged if third-party Hitachi is aligned with Plaintiff, and that "LIPA is entitled to know if CSC is claiming that communications and documents shared with Hitachi/ABB in the development of the expert report are being claimed as work product because the parties are aligned (calling into question the independence of the CSC's expert report) or whether those documents are subject to discovery because the privilege has been waived." ECF No. 78.

      Before a court may resolve a motion to quash a subpoena it must address the "threshold issue" of standing. *Esseily v. Giuliani*, 22 F. App'x 77, 78 (2d Cir. 2001) (summary order). "[W]here a party properly moves ... to quash a non-party subpoena, it must establish that it has standing to quash." *United States ex rel. Ortiz v. Mount Sinai Hosp.,* 169 F. Supp. 3d 538, 544-45 (S.D.N.Y. 2016). Rule 45 provides in pertinent part that "a person commanded to produce [documents] may . . . serve . . . a written objection to inspecting . . . any or all of the designated materials." Fed. R. Civ. P. 45(c)(2)(B). "A plain reading of this provision would suggest that only a person to whom the subpoena is issued may seek to quash the subpoena." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.,* No. 08-347 (ARR) (MDG), 2010 U.S. Dist. LEXIS 40653, 2010 WL 2219343, at * 4 (E.D.N.Y. Feb. 5, 2010). Thus, a party generally lacks standing to challenge a third-party subpoena, unless the party is seeking to protect a personal right or privilege in the subpoenaed documents. *Id*.; *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975).

      Plaintiff has not argued that the documents sought are privileged. Rather, Plaintiff argues that the discovery sought is beyond the scope of expert discovery. Thus, Plaintiff lacks standing

to object to the non-party subpoenas.[1]

Accordingly, the motion to quash the subpoena is denied.

Dated: Central Islip, New York
May 3, 2023

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[1] The Court notes that Defendant has also argued that the motion is moot because Hitachi has already produced documents responsive to the subpoena, and that both parties have represented to the Court that discovery has been completed. *See* ECF No. 85.